IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

PAUL WAGNER, JR.,
    Plaintiff,

vs.                                Case No.:  5:06cv11/MCR/EMT

JAMES E. SMITH, et al.,
    Defendants.
_____/

**REPORT AND RECOMMENDATION**

    This cause is before the court on Plaintiff's amended civil rights complaint filed pursuant to 42 U.S.C. § 1983 (Doc. 12).  Leave to proceed in forma pauperis has been granted (Doc. 4).

    Because Plaintiff is proceeding in forma pauperis, the court is required to dismiss the case at any time if it determines that the "action or appeal" is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(B).  A complaint is frivolous under § 1915(d) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989).  Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," *id.* at 327, 109 S. Ct. at 1833, or when the claims rely on factual allegations that are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 31, 112 S. Ct. 1728, 1733, 118 L. Ed. 2d 340 (1992).  Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1485 (11th Cir. 1997).  The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff. Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997).  The complaint may be dismissed only if it appears beyond doubt that Plaintiff can prove no set of facts that would entitle him to relief. Brown v. Budget Rent-A-Car Sys., Inc., 119

F.3d 922, 923 (11th Cir. 1997).  Upon review of the complaint, this court concludes that dismissal of Plaintiff's claims is warranted.

Plaintiff names four Defendants in this action:  Donovan Hamilton, Warden of Holmes Correctional Institution (HCI), and three correctional officers at HCI, James Smith, Lieutenant Peters, and Cynthia Pittmen (Doc. 12 at 1, 2).  Plaintiff asserts that on March 16, 2005, he was ordered by Officer Doris to go from the kitchen to the laundry to repair some brooms and retrieve supplies (Doc. 12 ¶¶ 7-9).  Two hours later, Plaintiff returned to the kitchen, having completed the assignment (*id*. ¶¶ 10, 11).  Approximately twenty minutes later, after Defendant Smith spoke with Officer Doris, Officer Doris asked Plaintiff why he did not notify him (Doris) that he had hit a security camera (*id*. ¶¶ 15-18).  As Plaintiff stood at Officer Doris' office door, he observed Defendant Smith adjust a security camera to point toward the "cooking pot area" of the kitchen (*id*. ¶¶ 19-20).  Plaintiff was placed in administrative confinement (*id*. ¶¶ 22-23, 25).

On April 7, 2005, Plaintiff received written notification of a disciplinary charge for tampering with a security device (*id*. ¶¶ 26, 28).  Plaintiff completed a witness list, requested to see all of the evidence against him, and requested that he be provided a list of all inmate and non-inmate kitchen staff working in the kitchen during the relevant time period (*id*. ¶ 29-31).  He was told by Officer Bush that a tape from the security camera existed (*id*. ¶ 29).

A disciplinary hearing was held on April 12, 2005, with the disciplinary team consisting of Defendants Peters and Pittmen (*id*. ¶ 33).  Defendants Pittmen and Peters failed to call any of the witnesses to testify in person, stating that they had written statements from the witnesses (*id*. ¶ 34).  Plaintiff pleaded not guilty and was asked to step outside the hearing room (*id*. ¶¶ 34-35).  After the hearing, he received a hearing worksheet stating that he was found guilty based upon Defendant Smith's statement that he observed Plaintiff strike the security camera (*id*. ¶ 36).  Plaintiff alleges that the witness statements did not contain any facts showing that Plaintiff struck the camera (*id*. ¶ 37).  Plaintiff was sentenced to sixty (60) days in disciplinary confinement and the loss of sixty (60) days of gain time (*id*. ¶ 38).  Plaintiff states he spent more than 60 days in disciplinary confinement because the disciplinary team did not credit him with the 28 days he was in confinement awaiting the filing of the disciplinary charge and the hearing (*id*. ¶¶ 38, 39).

Plaintiff appealed the disciplinary decision to Warden Hamilton on the ground that there was no evidence to support the conviction. Additionally, Plaintiff complained that he was serving more time in confinement than the charge carried (*id*. ¶ 40). Warden Hamilton denied his grievance (*id*. ¶ 41). Plaintiff appealed to the Secretary of the Department of Corrections (DOC), but the appeal was denied (*id*. ¶ ¶ 42-44).

Plaintiff claims that Defendant Smith violated his Eighth Amendment rights by writing a false disciplinary report (Doc. 12 ¶ 45). Additionally, he claims that Defendant Smith violated his due process rights by delaying 20 days in filing the disciplinary report, causing Plaintiff to remain in administrative confinement longer than he should have, since the DOC regulations provide that the time spent in administrative confinement between the filing of disciplinary charges and the hearing may not exceed seven (7) working days (*id*. ¶ 46). Plaintiff claims that Defendants Peters and Pittmen violated his due process rights by refusing to call his witnesses to appear at the hearing in person, finding him guilty without any evidence to support the finding, and providing an inadequate written disposition of the decision (*id*. ¶ 47). Plaintiff claims that Warden Hamilton violated his due process rights by refusing to overturn the disciplinary team's decision despite his knowledge of the alleged due process violations (*id*. ¶ 48).

As relief, Plaintiff seeks an injunction directing Warden Hamilton to expunge the conviction from his inmate record and ordering that a new hearing be held (Doc. 12 at 8, attached pages marked "Relief Requested"). Alternatively, he seeks compensatory and punitive damages (Doc. 12, attached pages marked "Relief Requested").

Plaintiff has failed to state a claim as to Defendant Smith. He alleges that Defendant Smith subjected him to cruel and unusual punishment by including false information in a disciplinary report. However, the filing of false disciplinary charges against an inmate does not alone amount to a constitutional violation. *See* Rodgers v. Singletary, 142 F.3d 1252 (11th Cir. 1998); Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989); Freeman v. Rideout, 808 F.2d 949, 951-53 (2d Cir. 1986). This is primarily because the Constitution requires only that the inmate be afforded due process at the institutional hearing, which represents his opportunity to expose any such falsities or inaccuracies. Freeman, 808 F.2d at 952; *see also* Wolff v. McDonnell, 418 U.S. 539, 94 S. Ct. 2963, 41 L. Ed. 2d 935 (1974).

Case No.: 5:06cv11/MCR/EMT

Likewise, Plaintiff's claim that Defendant Smith violated his due process rights by delaying the filing of the disciplinary charge, thereby requiring Plaintiff to remain in administrative confinement during that period, has no legal basis. Initially, less than 7 days elapsed between the filing of the disciplinary charge on April 7, 2005, and the date of the hearing on April 12, 2005. Additionally, Plaintiff cannot show that the duration and degree of the restriction placed upon him as a result of the delay in filing the charge, namely 20 days in administrative confinement, was sufficient to trigger due process protections. *See* Sandin v. Connor, 515 U.S. 472, 486, 115 S. Ct. 2293, 2301, 132 L. Ed. 2d 418 (1995) (thirty-day placement in disciplinary confinement was not atypical or significant enough to trigger due process protection); *see also* Rodgers, 142 F.3d at 1253 (placement in administrative confinement for two months did not constitute deprivation of constitutionally protected liberty interest as defined in Sandin).

Plaintiff has also failed to state a due process claim as to Defendants Peters, Pittmen, and Hamilton. Plaintiff claims that Defendants Peters and Pittmen, the disciplinary team who presided over the hearing, violated his due process rights by refusing to call his witnesses to appear at the hearing in person, finding him guilty without any evidence to support the finding, and providing an inadequate written disposition of the decision. He contends that Warden Hamilton was deliberately indifferent to his due process rights by denying his appeal of the disciplinary team's decision, in which Plaintiff complained of the alleged due process violations.

The Supreme Court in Wolff v. McDonnell held that to satisfy due process concerning disciplinary proceedings involving the potential loss of gain time, the inmate must receive: (1) written notice of the charges is given to the inmate at least twenty-four hours in advance in order to inform him of the charges and to enable him to marshal the facts and prepare a defense, (2) the inmate is given the opportunity to call witnesses and present evidence when doing so would not unduly interfere with institutional safety or correctional goals, (3) an impartial tribunal presides over the proceeding, and (4) a written statement is drafted by the tribunal as to the evidence relied upon and the reasons for the disciplinary action. 418 U.S. at 563-72. In Superintendent v. Hill, 472 U.S. 445, 455-56, 105 S. Ct. 2768, 2774, 86 L. Ed. 2d 356 (1985), the Court held: "revocation of good time does not comport with the 'minimum requirements of procedural due process' unless the

findings of the prison disciplinary board are supported by some evidence in the record." *Id.*, 472 U.S. at 454 (citation omitted). The court further explained:

> This standard is met if "there was some evidence from which the conclusion of the administrative tribunal could be deduced. . . ." United States ex rel. Najtauer v. Commissioner of Immigration, 273 U.S. [103], 106, 47 S. Ct. [302], 304. Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board.

*Id.*, 472 U.S. at 455, 105 S. Ct. at 2774 (citations omitted).

The DOC regulations governing a prisoner's presentation of evidence at disciplinary hearings are set forth in Rules 33-601.301-.314 of the Florida Administrative Code. The regulations provide that the charged inmate waives his opportunity to present witnesses, either by written statement or live testimony, unless he completes and signs the appropriate form. Fla. Admin. Code R. 33-601.307(3)(d) (2002). The rules further provide that inmate witnesses shall not be routinely called to provide live testimony at disciplinary hearings because doing so would pose a potential security risk and interfere with the orderly operation of the institution. *Id.* at 33-601.307(3)(a, b) (2002). However, witnesses may present live testimony if the hearing officer determines that the charged inmate's reason for requesting the live testimony overcomes the security and operational burden of facilitating the request. *Id.* at 33-601.307(3)(c).

In the instant case, although Plaintiff alleges that Defendants Pittmen and Peters failed to call any of his witnesses to present live testimony, he admits that written witness statements were presented to the disciplinary team (Doc. 12 ¶¶ 34, 37). Additionally, Plaintiff's contentions that there was insufficient evidence to support the conviction and that the written decision of the disciplinary team was inadequate do not state due process violations according to Wolff. Plaintiff alleges that the written decision of the disciplinary team stated that the basis for the decision was Mr. Smith's statement that he observed Plaintiff striking the camera (Doc. 12 ¶ 36). Plaintiff claims that the witness statements did not state any facts showing that he actually struck the camera. However, Wolff does not require that the written decision contain a verbatim recitation of the evidence relied upon by the decisionmaker. The constitutional basis for requiring a written statement of the evidence relied upon by the decisionmaker is to protect the inmate against collateral

consequences, such as transfer to another institution or denial of parole, based on a misunderstanding of the nature of the original proceeding.  Wolff, 418 U.S. at 565.

Plaintiff's allegations demonstrate that the written decision provided by the disciplinary team was sufficient to determine the nature of the proceeding and the evidence upon which the disciplinary team based its decision; thus the decision passes constitutional muster.  Additionally, the statement of Officer Smith constitutes "some evidence" to support the charge, as required by Hill.  See Hill, 472 U.S. at 456, 105 S. Ct. at 2774 (prison guard's testimony and copies of his written report supported conclusion that the evidence before the disciplinary board was sufficient to meet the requirements imposed by the Due Process Clause); Rudd v. Sargent, 866 F.2d 260, 262 (8th Cir. 1989) (prisoner failed to show that he was denied due process in disciplinary proceeding; statements in prison official's written disciplinary report constituted "some evidence" to support conclusion that inmate committed violation; although official did not witness the violation and victim's statements included in the report might be considered inadmissible hearsay at a criminal trial, full panoply of rights due a defendant in a criminal trial did not apply to prison disciplinary proceeding); Brown v. Frey, 807 F.2d 1407, 1414 (8th Cir. 1986) (witnessing officer's violation report is "some evidence").

Finally, because Plaintiff has failed to state a due process violation with regard to the conduct of Defendants Smith, Peters, and Pittmen, during the disciplinary process, his claim against Warden Hamilton for his deliberate indifference to the alleged constitutional violations has no legal basis.

Accordingly, it is respectfully **RECOMMENDED**:

That Plaintiff's amended complaint (Doc. 12) be **DISMISSED WITH PREJUDICE** for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

At Pensacola, Florida, this 26th day of July 2006.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten (10) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**